[Cite as *State v. Gay*, 2019-Ohio-2349.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28194 |
| | : | |
| v. | : | Trial Court Case No. CRB 1801083 |
| | : | |
| MARVIN GAY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of June, 2019.

. . . . . . . . . . .

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, Vandalia Municipal Court Prosecutor's Office, 245 James Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

KATHRYN L. BOWLING, Atty. Reg. No. 0084442, 120 W. Second Street, Suite 1715, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Marvin Gay appeals from his conviction and sentence following a bench trial on one count of domestic violence, a first-degree misdemeanor.

{¶ 2} In his sole assignment of error, Gay contends the trial court erred in entering a guilty verdict where the State failed to establish proper venue.

{¶ 3} The only witnesses at trial were the victim and Gay. The victim testified that she and Gay were in a relationship in May 2018 and that they had children together. With regard to the domestic-violence charge, the victim testified that Gay threatened to kill her while she was talking to him on the telephone on May 30, 2018. The victim believed Gay and was afraid of him. (Trial Tr. at 9-12). She initially testified that she was at her own home in Harrison Township when the phone call occurred. (*Id.* at 9-10). On cross examination, the victim corrected herself and stated that she was at her mother's house when Gay made the telephone threat. (*Id.* at 15, 24). The victim did not say where her mother lived. She also testified that she did not know where Gay was located when the phone call occurred. (*Id.* at 15).

{¶ 4} For his part, Gay testified that he was home at the residence he shared with the victim on May 30, 2018. (*Id.* at 27). According to Gay, the victim was home too. He testified that he and the victim had a conversation concerning his whereabouts the prior night. Gay stated that he lied to the victim and told her he had stayed at a friend's house when he really had been with another woman. (*Id.*). He denied threatening the victim during a telephone call. (*Id.* at 31-33). On cross-examination, the prosecutor asked again where Gay was on May 30, 2018. Gay responded that he was "at home[.]" (*Id.* at 37). He added that he did not recall talking to the victim on the telephone that day. (*Id.* at 38).

{¶ 5} Based on the evidence presented, the trial court found Gay guilty and imposed a 90-day jail sentence with 54 days suspended and credit for 36 days served. The trial court also ordered two years of probation.

{¶ 6} On appeal, Gay contends the State failed to establish proper venue. He cites the victim's testimony that she was at her mother's house, which was an unidentified location, during the phone conversation. He also cites the victim's testimony that she did not know where he was located during the telephone call. Although Gay admitted being at the parties' Harrison Township residence, he testified that no threats were made during a face-to-face conversation he had with the victim there. Moreover, because the trial court concluded that it did not believe Gay's testimony, he reasons that we are left with the victim's testimony about being at her mother's house while he was at an unknown location during the phone call. That being so, he contends the State failed to establish venue.

{¶ 7} Upon review, we find Gay's argument to be unpersuasive. As an initial matter, he failed to raise a venue objection at trial. We have held that the issue of venue is waived for appeal if the defendant fails to raise it at trial. *State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 18 (finding a venue argument "frivilous because the issue was not preserved for appeal"). Although the issue remains subject to plain-error review, we see no plain error here.

{¶ 8} An error qualifies a "plain error" only if the error is obvious and but for the error the outcome of the proceeding clearly would have been different. *State v. Cassell*, 2d Dist. Montgomery No. 27899, 2019-Ohio-1668, ¶ 26. We see no obvious error regarding the venue issue. Venue lies in any jurisdiction in which the offense or any element of the offense was committed. R.C. 2901.12(A). Here Gay admitted that he was

at the parties' Harrison Township residence on May 30, 2018, which was when the victim testified that he made threats to her over the telephone. Therefore, the trial court reasonably could have concluded that Gay committed the offense in Harrison Township and that proper venue was established. The trial court's statement that it did not believe Gay specifically was directed to his denial of threatening the victim. (Trial Tr. at 45). The trial court never suggested it disbelieved Gay's claim that he was at home in Harrison Township on May 30, 2018.

{¶ 9} Based on the foregoing reasoning, we overrule the assignment of error and affirm the judgment of the Vandalia Municipal Court, Criminal Division.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Christopher B. Epley
Kathryn L. Bowling
Hon. Cynthia M. Heck